[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10916
Non-Argument Calendar
_____

D. C. Docket No. 1:12-cv-00128-AT

THE AMERICAN MEDICAL ASSOCIATION,
MEDICAL ASSOCIATION OF GEORGIA,
TENNESSEE MEDICAL ASSOCIATION,
FLORIDA MEDICAL ASSOCIATION,
NORTH CAROLINA MEDICAL SOCIETY,
MEDICAL SOCIETY OF NEW JERSEY,
MEDICAL SOCIETY OF THE STATE OF NEW YORK,
CONNECTICUT STATE MEDICAL SOCIETY,
TEXAS MEDICAL ASSOCIATION,
CALIFORNIA MEDICAL ASSOCIATION,
WASHINGTON STATE MEDICAL SOCIETY,
EL PASO COUNTY MEDICAL SOCIETY,
DR. CARMEN KAVALI, M.D.,
BRIAN MULLINS,
individually and on behalf of all others similarly situated,

Plaintiffs-Appellants,

versus

CONNECTICUT GENERAL LIFE INSURANCE COMPANY,
CIGNA CORPORATION,
CIGNA HEALTH CORPORATION,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 20, 2014)

Before WILSON, ANDERSON and BLACK, Circuit Judges.

PER CURIAM:

The American Medical Association, along with 11 other medical associations and societies, Dr. Carmen Kavali, and Brian Mullins (collectively, Appellants), appeal the district court's order dismissing their complaint.   The class action complaint against Connecticut General Life Insurance Co., CIGNA Corporation, and CIGNA Health Corporation (collectively, CIGNA), alleged violations of the Employment Retirement Income Security Act of 1974 (ERISA) arising from improper reimbursement payments for out-of-network healthcare services.

CIGNA was a defendant in *In re Managed Care Litigation*, consolidated in MDL-1334 before the Honorable Federico Moreno in the United States District Court for the Southern District of Florida.   The *Managed Care Litigation* action involved a suit against a number of healthcare companies, including CIGNA, alleging the companies had overbilled their customers for treatment.   CIGNA eventually reached settlements with a group of physician providers and a group of

2

non-physician providers.   The Southern District of Florida approved each of these settlements, which enjoined the providers from filing suit against the defendants in any jurisdiction based on "Released Claims," as defined in the settlement agreements.

On January 12, 2012, Appellants filed the complaint at issue in this appeal. On January 10, 2013, in the *In re Managed Care Litigation* action, Judge Moreno granted CIGNA's motion to enjoin Appellants' ERISA claims filed in the instant action.   Judge Moreno found that even plaintiffs like the American Medical Association, who were not signatories to the settlement agreements, were "Releasing Parties" because they were asserting claims on behalf of CIGNA settlement class members.   Judge Moreno concluded that Appellants' ERISA claims were within the definition of "Released Claims" in the settlement agreements and directed Appellants to withdraw their claims in the instant matter within 20 days of his order.   Judge Moreno warned that failure to comply would result in a finding of contempt against Appellants, but he did not make a finding of contempt or impose sanctions at that time.

On February 4, 2013, the district court dismissed Appellants' complaint based on Judge Moreno's January 10, 2013 order.   The district court stated, "[i]n the

absence of reversal upon appeal or rehearing, this Court must respect Judge Moreno's injunction and judicial determination that Plaintiffs' claims are barred."

On appeal, Appellants claim the district court's dismissal of their complaint constituted legal error because Appellants cannot appeal Judge Moreno's injunction until Judge Moreno enters a finding of contempt and sanctions.   And, according to Appellants, the district court's dismissal has circumvented their ability to have a finding of contempt and sanctions entered against them before Judge Moreno. However, it was within the district court's discretion to dismiss a complaint filed in violation of a sister court's injunction and order.   *See, e.g., Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387-88 (11th Cir. 1993) (affirming the district court's dismissal of a suit based on deference to a sister court's injunction).   We affirm the district court's dismissal of Appellants' complaint.

**AFFIRMED.**